UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES A. SIMMONS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:08CV1076 FRB ) |
| TERRY RUSSELL,[1] | ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner James A. Simmons' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Procedural History**

In January 2004, petitioner was tried in the Circuit Court of St. Louis County, Missouri, on three counts of Statutory Rape First Degree, one count of Statutory Sodomy First Degree, and one count of Child Molestation First Degree. (Resp. Exh. B at 19-21.) The jury acquitted petitioner of Child Molestation and was unable to reach a verdict on the remaining counts. (Id. at 37.)

---

[1] Petitioner is incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Inasmuch as Terry Russell is Warden of ERDCC, he is substituted for Steve Larkins as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner was retried on the other four counts in August 2004; and on August 18, 2004, a jury convicted petitioner on all counts. (Id. at 69-72.) On October 8, 2004, petitioner was sentenced as a prior offender to four concurrent terms of twenty-three years' imprisonment. (Id. at 83-87.) On October 18, 2005, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. State v. Simmons, 173 S.W.3d 645 (Mo. Ct. App. 2005) (order) (*per curiam*). Mandate issued November 14, 2005. (Resp. Exh. G.) On December 13, 2005, petitioner filed a motion for post-conviction relief, which was subsequently amended by appointed counsel. The trial court denied the motion without a hearing. (Resp. Exh. H.) The Missouri Court of Appeals affirmed the denial of post-conviction relief on September 11, 2007. Simmons v. State, 232 S.W.3d 667 (Mo. Ct. App. 2007) (order) (*per curiam*). Mandate issued October 9, 2007. (Resp. Exh. M.)

Petitioner filed the instant petition for writ of habeas corpus on July 21, 2008. In the petition, petitioner raises two claims for relief:

**Ground 1:** That trial counsel was ineffective for failing to obtain and present certain evidence which would have demonstrated petitioner's limited ability to make telephone calls from the jail. Petitioner contends that such evidence would have impeached witness Carla Thomas's testimony that petitioner spoke to her by telephone from the jail and admitted to having committed the offenses alleged.

**Ground 2:** That trial counsel was ineffective for failing to object to testimony elicited from the victim that petitioner had

2

previously been in jail.

In response, respondent contends that petitioner's claims are without merit and should be denied.

## II. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing

any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows petitioner's claims for relief to be exhausted because petitioner properly raised the claims in state court upon which they were determined on their merits.

### III. Merits of Petitioner's Claims

"In the habeas setting, a federal court is bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant habeas relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Williams, 529 U.S. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11). Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

In both grounds of the instant petition, petitioner contends that he received ineffective assistance of trial counsel. Specifically, petitioner claims that counsel rendered ineffective assistance when he failed to object to the victim's testimony regarding petitioner having previously been in jail, and when he failed to impeach witness Carla Thomas's testimony with evidence

5

regarding his limited ability to place telephone calls while in jail awaiting trial.  Petitioner raised these claims in his motion for post-conviction relief and on appeal of the denial of the motion.  Upon review of the merits of the claims, the Missouri Court of Appeals denied relief.  (Resp. Exh. L.)

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984).  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense.  Id. at 687.  In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances."  Id. at 688.  The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

A. <u>Ground 2 – Failing to Object to Victim's Testimony</u>

In his second claim for relief, petitioner contends that

trial counsel was ineffective for failing to object to testimony elicited from the victim that petitioner had previously been in jail. Petitioner contends that such testimony wrongfully provided the jury with evidence from which to infer his criminal propensity.

With respect to this claim, the Missouri Court of Appeals summarized the relevant facts as follows:

> During her testimony, the victim, who is Movant's stepdaughter, made two references to Movant's prior incarceration. The first reference occurred during her description of how Movant's sexual contacts with her began. The prosecutor asked her to describe what occurred when Movant starting touching her when she was about six years old. After asking her to describe the type and location of Movant's touching, the prosecutor asked where they were. She testified to the location and method Movant used the first time he engaged in the conduct and then testified, "Then after he was done, he said -- he said, didn't I love him. And if I loved him, I wouldn't tell. Because he would go back to jail. Because he had previously been in jail." The second time she made such a statement she testified that Movant's sexual acts toward her stopped when she was fourteen or fifteen years old because she found out the same kind of thing was not happening to her friends and she told him she did not think it was right. The prosecutor then asked her why she had kept it a secret once she found out "what he was doing was wrong." She explained she still had not told anyone about this conduct because "[h]e's my -- my two brothers and my sister's daddy. I didn't want to mess up the family. . . . I didn't want to be the one to destroy him, and I didn't really want him to have to go back to jail." Movant's counsel did not object to these references to Movant's prior jail experience and did not ask the court to direct the jury to disregard the

references.

(Resp. Exh. L, Memo. at 7-8.)[2]

Under Missouri law, the general rule is that evidence of uncharged crimes is inadmissible for the purpose of showing the propensity of the defendant to commit the crime charged. Harris v. Bowersox, 184 F.3d 744, 752 (8th Cir. 1999). An exception to this general rule exists, however, "for evidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged in order to present a complete and coherent picture of the events that transpired." Id. (internal quotation marks and citation omitted); State v. Naasz, 142 S.W.3d 869, 878 (Mo. Ct. App. 2004). "This standard for admissibility is the same as that used in the federal courts and is in accord with Supreme Court precedent." Osborne v. Purkett, 411 F.3d 911, 917 (8th Cir. 2005).

Here, the Missouri Court of Appeals determined that the victim's limited references regarding petitioner's prior incarceration "helped to present a complete picture of the sexual abuse suffered by [the] victim over a period of time, and provided an explanation for her delay in reporting Movant's sexually abusive behavior" (Resp. Exh. L, Memo. at 9), and thus were not improper under Missouri law (id. at 8-9). The court of appeals denied

---

[2]Inasmuch as petitioner does not rebut these factual findings with clear and convincing evidence, such findings are presumed by this Court to be correct. 28 U.S.C. § 2254(e)(1).

petitioner's claim that counsel was ineffective for failing to object to such testimony (id. at 9), finding that "[a]n attorney is not ineffective in failing to make a non-meritorious objection" (id. at 8). This determination is well based on law and fact.

In its written decision, the Missouri Court of Appeals articulated the standard for ineffective assistance of counsel as set out in Strickland (Resp. Exh. L, Memo. at 3) and determined counsel's challenged conduct not to rise to the level of ineffective assistance. As noted by the Missouri Court of Appeals, counsel cannot be said to be ineffective in failing to make non-meritorious objections. See Storey v. Roper, 603 F.3d 507, 525 (8th Cir. 2010); see also Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to raise issue if no relief could possibly have been obtained); Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue); Grubbs v. Delo, 948 F.2d 1459, 1464 (8th Cir. 1991); Meyer v. Sargent, 854 F.2d 1110, 1115-16 (8th Cir. 1988).

As such, the decision of the state court that counsel was not ineffective in his failure to make a non-meritorious objection to the victim's testimony was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the

9

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, the claim raised in Ground 2 of the instant petition should be denied. 28 U.S.C. § 2254(d).

B.   Ground 1 – Evidence of Ability to Make Telephone Calls

In his first claim for relief, petitioner contends that counsel was ineffective in failing to present evidence of petitioner's limited ability to place telephone calls from jail while awaiting trial. Specifically, petitioner contends that counsel should have, but failed to present evidence that petitioner's father had a "collect call block" placed on his telephone since May 2001, and that petitioner was permitted only a limited number of "free" telephone calls from the St. Louis County Justice Center per week. Petitioner argues that such evidence would have impeached witness Carla Thomas's testimony that, during one of many telephone calls placed to his father's house from jail, petitioner confessed to Thomas that he committed the charged offenses.

With respect to this claim, the Missouri Court of Appeals summarized the relevant facts as follows:

> The record discloses that, during the first trial, Movant testified that he had "called [his] father's house. [Carla Thomas] was there [and Movant] talked to her."
>
> On the morning of [the re-]trial, Movant's attorney advised the trial court that

> he had learned of the existence of the collect call block on Movant's father's telephone only the day before, and unsuccessfully sought a continuance of the trial to try to obtain the telephone company's records. During trial, Movant's counsel also unsuccessfully attempted to present testimony of a staff member at the jail where Movant was held in custody after his arrest and to present testimony of a detective regarding the record of collect calls Movant attempted to make from the jail shortly after his arrest. No telephone records were introduced into evidence, although they were presented to the trial court outside the presence of the jury.
>
> During trial, the State presented the testimony of the victim and [Carla] Thomas. In significant part, Thomas testified that, shortly after Movant's arrest, she received telephone calls from Movant at Movant's father's home, where Thomas was then living. During those conversations, she asked Movant whether he did "that" to the victim and he "told [her] that he did do it" and said it "was supposed to have been a family secret." Movant did not testify at this second trial.
>
> Both the transcript of the trial and Movant's amended 29.15 motion reveal Movant's acknowledgement [sic] that he was entitled to make a limited number of free telephone calls each week while he was in custody at the St. Louis County Justice Center after his arrest for these offenses.

(Resp. Exh. L, Memo. at 4-5.)

The Missouri Court of Appeals determined that petitioner failed to demonstrate how counsel's failure to present evidence of the number and type of telephone calls between petitioner and Thomas prejudiced his defense inasmuch as such evidence would not have challenged the substance of the telephone conversation(s)

11

regarding the offenses, nor would have established that Thomas was inaccurate in her testimony that she had a telephone conversation with petitioner after his arrest. (Id. at 6.) Given that evidence of the type and frequency of the telephone calls would have focused only on a collateral matter and would not have addressed a material issue in the case, the court of appeals determined that counsel's failure to present such evidence did not constitute ineffective assistance. (Id.) This determination is well based on law and fact.

Counsel's failure to present evidence as to the type and number of telephone calls between petitioner and Carla Thomas had no effect on the central evidence against petitioner, that is, the victim's testimony that petitioner subjected her to years of sexual abuse and Carla Thomas's testimony that petitioner admitted to her in a telephone conversation that he engaged in the acts of which he was accused. While some of the evidence which petitioner argues counsel should have presented may have helped to clarify the method by which petitioner made the telephone call in question, such evidence nevertheless was collateral to the central issue and would not have directly contradicted Thomas's testimony regarding the substance of the call. As such, it cannot be said that had counsel presented such evidence, the result of the proceeding would have been different. Strickland, 466 U.S. at 694; see also Hanes v. Dormire, 240 F.3d 694, 698-99 (8th Cir. 2001) (counsel not

12

ineffective for failing to introduce collateral evidence which would have had no effect on central evidence against petitioner).

Accordingly, the decision of the state court that trial counsel was not ineffective for failing to present collateral evidence as to the type and number of telephone calls between petitioner and Carla Thomas, was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

As such, the claim raised in Ground 1 of the instant petition should be denied. 28 U.S.C. § 2254(d).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Terry Russell, Warden of Eastern Reception, Diagnostic and Correctional Center, is substituted for Steve Larkins as proper party respondent in this cause.

**IT IS FURTHER ORDERED** that petitioner James A. Simmons' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has

failed to make a substantial showing that he has been denied a constitutional right.

Judgment shall be entered accordingly.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _20th_  day of September, 2011.